1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

9   RICARDO PEREZ,                                   Case No. 2:16-cv-01908-GMN-VCF

10                           Petitioner,                          ORDER

11        v.

NEVENS, et al.,

12

13                           Respondents.

14        Before the court is a *pro se* petition for writ of habeas corpus pursuant to 28

15   U.S.C. § 2254, submitted by Ricardo Perez, a Nevada state prisoner (ECF No. 1-1).  He

16   has now paid the filing fee (ECF No. 6).  Perez has moved for a stay of these federal

17   proceedings until his state habeas petition is resolved (ECF No. 3).  He indicates that

18   judgment of conviction was entered on or about November 25, 2014, that he failed to

19   file a direct appeal, and that he then filed a timely state postconviction petition for a writ

20   of habeas corpus on September 29, 2015, which is currently pending in state district

21   court.  *See id.*

22        The Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect on April

23   24, 1996 and imposes a one-year statute of limitations on the filing of federal habeas

24   corpus petitions.  28 U.S.C. § 2244(d).  The one-year time limitation can run from the

25   date on which a petitioner's judgment became final by conclusion of direct review, or the

26   expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).  Further, a

27   properly filed petition for state postconviction relief can toll the period of limitations.  28

28   U.S.C. § 2244(d)(2).

1

In *Pace v. DiGuglielmo*, 544 U.S. 416, the United States Supreme Court indicated that a petitioner facing the "predicament" that could occur if he is waiting for a final decision from the state courts as to whether his petition was "properly filed" should file a "protective" federal petition and ask the federal court for a stay and abeyance. *See also, Rudin v. Myles*, 766 F.3d 1161, 1174 (9th Cir. 2014).

Perez asks this court to consider his federal petition as a protective petition and grant a stay and abeyance until his state-court proceedings conclude (ECF no. 3). He appears to misapprehend that the AEDPA statute of limitations may be tolled pending the resolution of a timely state postconviction petition (*see* ECF No. 3, p. 2). Perez does not argue that it is possible that his state petition could be deemed not properly filed, and therefore, he presents no basis for a protective petition here. Accordingly, this action shall be dismissed without prejudice to the filing of a new habeas petition in a new action with a new case number at the conclusion of Perez's state-court proceedings.

Petitioner at all times remains responsible for properly exhausting his claims, for calculating the running of the federal limitation period as applied to his case, and for properly commencing a timely-filed federal habeas action.

**IT IS THEREFORE ORDERED** that the Clerk **shall file and ELECTRONICALLY SERVE** the petition (ECF No. 1-1) on the respondents. No response is required by respondents.

**IT IS FURTHER ORDERED** that the Clerk shall add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

**IT IS FURTHER ORDERED** that petitioner's motion for stay (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that the petition is **DISMISSED** without prejudice as set forth in this order.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, as jurists of reason would not find the court's denial of the motion to stay to be debatable or incorrect.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall send petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted in this action.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

DATED: 12 December 2016.

_____
GLORIA M. NAVARRO, CHIEF JUDGE
UNITED STATES DISTRICT COURT